### In re Juvenile Appeal (82-AB)*
### (10191)

Speziale, C. J., Peters, Healey, Parskey and Grillo, Js.

Argued October 14—decision released November 16, 1982

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 3161, the names of the parties involved in this appeal are not disclosed and the records and briefs will not be distributed to the various libraries of the state. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Supreme Court.

*Donald C. Simmons,* for the appellant (minor child).

*John H. Kearney,* for the appellee (state).

PER CURIAM. The sole issue in this case is whether there was sufficient evidence to support the adjudication of a juvenile as a delinquent child. The trial court, after a full hearing, found the respondent to be delinquent because of his violation of General Statutes § 53a-182[1] forbidding disorderly conduct. Upon the adjudication of delinquency, the respondent was given a judicial warning but the case was otherwise dismissed. The respondent has appealed the propriety of his adjudication.

The proceeding below arose out of an unfortunate incident that took place in Waterbury on November 8, 1979. Two Waterbury police officers responded to a complaint that boys were playing football on Wood Street. The officers told the group to stop playing and to return to their school bus stop. The respondent in this case, according to the testimony of one of the police officers, refused to comply with the order to disperse and made sarcastic and abusive statements. Witnesses for the respondent testified that he had made no derogatory statements. The respondent was the only person whom the police arrested.

---

[1] "[General Statutes] Sec. 53a-182. DISORDERLY CONDUCT: CLASS C MISDEMEANOR. (a) A person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in fighting or in violent, tumultuous or threatening behavior; or (2) by offensive or disorderly conduct, annoys or interferes with another person; or (3) makes unreasonable noise; or (4) without lawful authority, disturbs any lawful assembly or meeting of persons; or (5) obstructs vehicular or pedestrian traffic; or (6) congregates with other persons in a public place and refuses to comply with a reasonable official request or order to disperse."

Before reaching the merits of this appeal, we must determine whether this case is properly here. Our jurisdiction is arguably put into question by the form of the disposition of the present proceeding in the trial court. In that court, "the juvenile was adjudged delinquent and the matter was dismissed with a warning."[2] The use of the word "dismissed" does not, in this context, negate the conclusion that there was a final judgment adjudicating the respondent to be a delinquent. See *E. J. Hansen Elevator, Inc* v. *Stoll*, 167 Conn. 623, 627, 356 A.2d 893 (1975); *Prevedini* v. *Mobil Oil Corporation*, 164 Conn. 287, 292, 320 A.2d 797 (1973). In dismissing the juvenile respondent with a warning, the trial court was only obviating further supervision by the court or by the probation department. The "dismissal" in this case is analogous to the unconditional discharge entered after a conviction in a criminal case. General Statutes § 53a-34. Dismissal from accountability to the court, while triggering the two-year period for erasure of records pursuant to Practice Book § 1062,[3] is not inconsistent with the continued existence of a reviewable order, the adjudication of delinquency itself.

Furthermore, the expiration, on April 9, 1982, of the two-year period for erasure of record under

[2] In its reply to the respondent's motion for review of rectification of appeal, the trial court made the supplemental finding that "[a]lthough the Court found the appellant guilty and gave him a warning, the case against him was dismissed."

[3] "[Practice Book] Sec. 1062. ERASURE OF RECORD. Upon receipt of a petition on behalf of any child found to be delinquent for the erasure of records pursuant to Gen. Stat., § 51-327, the court shall conduct such investigation as it may deem appropriate, and if it finds that at least two years have elapsed since the child's last dismissal from court accountability or since his discharge from the custody of the department of children and youth services or of any other institution, agency or department responsible for him by court order, and that no subsequent juvenile proceeding has been instituted

§ 1062 does not render this appeal moot. Section 1062 is a bifurcated provision only part of which is self-executing. If the charge is dismissed, erasure is mandatory and automatic. If delinquency is found but the delinquent is "dismissed," as in this case, then erasure can occur only upon petition of the delinquent. Apart from the fact that the respondent has not so petitioned and thus erasure has not yet occurred, the respondent is entitled to challenge the propriety of his adjudication of delinquency without regard to the judicial disposition that attended that adjudication. This case is therefore distinguishable from *Maloney* v. *State,* 179 Conn. 309, 310, 426 A.2d 288 (1979), where the appeal sought to challenge the propriety of conditions imposed upon orders of commitment after the orders of commitment had themselves expired.

The sole substantive issue raised by the appeal is the sufficiency of the evidence to support the adjudication of delinquency. The juvenile maintains that the trial court's evident acceptance of the uncorroborated testimony of the police officer, who is white, and consequent rejection of the corroborated testimony of the respondent, who is black, was illogical, racist, and violative of article first, § 20, of the Connecticut constitution. That section provides that "[n]o person shall be denied the equal protection of the law nor be subjected to seg-

---

against him and that he has not been found guilty of a crime, if such child has reached sixteen within such two year period, it shall order erased all outstanding police records and records concerning juvenile matters pertaining to such child. When a child referred to the court as an alleged delinquent is dismissed, if such child has no prior outstanding and unerased police record or court record pertaining to a delinquency petition, the court shall, without petition by the child, order the immediate and automatic erasure of all court and police records pertaining to such dismissed charge."

regation or discrimination in the exercise or enjoyment of his civil or political rights because of religion, race, color, ancestry or national origin."

The present record provides no basis for departure from our well-established rules concerning determination of the credibility of witnesses. " 'This court cannot retry the facts or pass upon the credibility of the witnesses.' *Kalleher* v. *Orr,* 183 Conn. 125, 128, 438 A.2d 843 (1981). 'It is the trial court which had an opportunity to observe the demeanor of the witnesses and the parties; thus it is best able to judge the credibility of the witnesses and to draw necessary inferences therefrom.' *Kukanskis* v. *Jasut,* 169 Conn. 29, 32–33, 362 A.2d 898 (1975)." *Arbour* v. *McCullough,* 186 Conn. 280, 285–86, 440 A.2d 980 (1982). Whether the matter is civil or criminal in nature is irrelevant: "it is the function of the trier of fact to determine the credibility of witnesses." *State* v. *Gold,* 180 Conn. 619, 647, 431 A.2d 501, cert. denied, 449 U.S. 920, 101 S. Ct. 320, 66 L. Ed. 2d 148 (1980).

The trial court's determination that the testimony of the police officer was more credible than that of the respondent and his witnesses does not demonstrate racial bias or discrimination on the basis of race or color. The trial court, in responding to the motion for review of rectification of appeal, made an express finding that "race had no bearing on the Court's decision." Even if we were to regard this finding as self-serving, and hence entitled to less weight than other findings of fact, it certainly does not prove the opposite. Nothing in this record proves that the adjudication of delinquency resulted

from racial bias or discrimination.[4] The fact that, on cross-examination, the police officer's testimony was somewhat imprecise did not require a determination that he was untrustworthy. The trier was not obligated to believe corroborated rather than uncorroborated testimony. *Robert Lawrence Associates, Inc.* v. *Del Vecchio,* 178 Conn. 1, 14, 420 A.2d 1142 (1979). There is therefore no substantiation of the respondent's claim that, on the basis of the testimony at his hearing, an unbiased mind could not reach a conclusion that the juvenile was delinquent. Colorblind adjudication requires the trier to determine credibility without regard to race. It does not permit a court to infer racism from a finding of delinquency arising out of a confrontation between a police officer and a teenager merely because one is white and the other black.

There is no error.

---

[4] Although the respondent, in his appellate brief, suggests that the proceeding against him arose out of an abuse of prosecutorial discretion, he failed to establish any factual predicate for such a claim in the trial record.