EILEEN C. STROINEY ET AL. *v.* CRESCENT LAKE
TAX DISTRICT ET AL.
(12580)

HEALEY, SHEA, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued June 13—decision released July 30, 1985

*James W. Sherman,* with whom was *William F. McDonald,* for the appellants (defendants).

*Joseph E. Fallon,* with whom was *John A. Kissel,* for the appellees (plaintiffs).

SHEA, J. On April 15, 1982, petition forms were submitted to the town manager for the town of Enfield requesting that a meeting be held for the purpose of voting on a proposal to form a special tax district pursuant to General Statutes § 7-325.[1] Thereafter, as

---

[1] "[General Statutes] Sec. 7-325. ORGANIZATION. BOUNDARY CHANGES. ANNUAL REPORT. (a) Upon the petition of twenty or more voters, as defined

required by statute, a notice of a meeting to be held on May 13, 1982, was published. The formation of the Crescent Lake Tax District in the town of Enfield was approved at that meeting.

The plaintiffs, thirty-two electors residing in the town of Enfield, brought this action seeking declaratory and injunctive relief as well as damages for the allegedly illegal formation of the tax district, claiming that the circulator of the petitions failed to comply with the provisions of General Statutes § 7-9.[2] The trial court, *Quinn, J.,* rendered summary judgment for the plaintiffs, declaring the tax district to have been illegally formed. The defendants appealed, claiming that the trial court erred in its holding that the requirements of General Statutes § 7-9 apply to the formation of a special tax district under General Statutes § 7-325.

by section 7-6, of any town, not residing within the territorial limits of any city or borough in such town, specifying the limits of a proposed district for any or all of the purposes set forth in section 7-326, and not including within such limits any part of any city or borough in such town, the selectmen of such town shall call a meeting of the voters residing within such specified limits to act upon such petition, which meeting shall be held at such place within such town and such hour as the selectmen designate, within thirty days after such petition has been received by such selectmen."

[2] "[General Statutes] Sec. 7-9. PETITIONS FOR VOTE. FORM. STATEMENT BY CIRCULATOR. Whenever under the provisions of the general statutes or any special act, any action for a vote by the electors or voters of a municipality is to be initiated by the petition of such electors or voters, in addition to such other requirements as such statute or special act may impose, such petition shall be on a form prescribed or approved by the clerk of such municipality, and each page of such petition shall contain a statement, signed under penalties of false statement, by the person who circulated the same, setting forth such circulator's name and address, and stating that each person whose name appears on said page signed the same in person in the presence of such circulator, that the circulator either knows each such signer or that the signer satisfactorily identified himself to the circulator and that all the signatures on said page were obtained not earlier than six months prior to the filing of said petition. Any page of a petition which does not contain such a statement by the circulator shall be invalid. Any circulator who makes a false statement in the statement hereinbefore provided shall be subject to the penalty provided for false statement."

Because we conclude that a summary judgment granting only declaratory relief, but failing to dispose of claims for an injunction and for damages, is not a final judgment, the appeal is dismissed.

At oral argument, both parties expressed a desire to have the summary judgment order regarded as appealable. Agreement by the parties, however, cannot confer appellate jurisdiction on this court. *State* v. *Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983); *Gores* v. *Rosenthal,* 148 Conn. 218, 221, 169 A.2d 639 (1961). The right of appeal is ordinarily limited to parties aggrieved by final judgments. General Statutes §§ 51-197a, 52-263; Practice Book § 3000; *State* v. *Audet,* 170 Conn. 337, 342, 36 A.2d 1062 (1976). Therefore, before considering the merits, we must determine whether the appeal has been taken from a final judgment. *In re Juvenile Appeal (82–AB),* 188 Conn. 557, 559, 452 A.2d 113 (1982); *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 624, 356 A.2d 893 (1975); *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 291, 320 A.2d 797 (1973).

The record indicates no reason for the failure to complete the proceedings in the trial court by resolving the claims for injunctive relief and for damages. The trial court may well have assumed that a further hearing would take place, analogous to a hearing in damages after rendition of a summary judgment determining liability in an action for damages. See Practice Book § 385. The plaintiffs have not withdrawn or abandoned their claims for relief that have not yet been adjudicated. The situation, therefore, is similar to where a judgment has been rendered only upon the issue of liability without an award of damages. Such a judgment, being interlocutory in character, is not a final judgment from which an appeal lies. *Pinnix* v. *LaMorte,* 182 Conn. 342, 343, 438 A.2d 102 (1980); *Palmer* v. *Hartford National Bank & Trust Co.,* 157 Conn. 597, 253

A.2d 28 (1968); *New Haven Redevelopment Agency* v. *Research Associates, Inc.,* 153 Conn. 118, 120, 214 A.2d 375 (1965).

Such an interlocutory judgment does not fall within one of the narrowly defined exceptions to the general prohibition against appeals from judgments that are not final. "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio,* supra, 31; *Daginella* v. *Foremost Ins. Co.,* 197 Conn. 26, 30, 495 A.2d 709 (1985). The first alternative, termination of a separate and distinct proceeding, requires the order being appealed to be severable from the central cause of action so that the main action can "proceed independent of the ancillary proceeding." *State* v. *Parker,* 194 Conn. 650, 654, 485 A.2d 139 (1984). Obviously, a ruling affecting the merits of a controversy could not be separate and distinct. Id., 653. It is clear that the plaintiffs' claims for damages and for injunctive relief could not go forward if we were to hold that the summary judgment could properly be appealed. The declaratory judgment was merely a "step along the road to a final judgment" and was not "independent of the main action." Id., 653–54; *Dewart* v. *Northeastern Gas Transmission Co.,* 139 Conn. 512, 514, 95 A.2d 381 (1953); *Enfield* v. *Hamilton,* 110 Conn. 319, 322, 148 A. 353 (1930). The first *Curcio* alternative is, therefore, not met.

Nor does this interlocutory order satisfy the second *Curcio* alternative, that the rights of the parties be so concluded "that further proceedings cannot affect them." It is obvious that the rights of the parties have not been concluded, because further proceedings upon the plaintiffs' claims for an injunction and for damages are bound to affect those rights. *In re Juvenile Appeal*

*(85–AB),* 195 Conn. 303, 312, 488 A.2d 778 (1985); *New Haven Redevelopment Agency* v. *Research Associates, Inc.,* supra, 120; *State* v. *Fahey,* 146 Conn. 55, 57, 147 A.2d 476 (1958); 47 Am. Jur. 2d, Judgments § 1054.

Because the lack of a final judgment is a jurisdictional defect,[3] we must dismiss the appeal. *Pinnix* v. *LaMorte,* supra, 343; *Guerin* v. *Norton,* 167 Conn. 282, 284, 355 A.2d 255 (1974); *Sewer Commission* v. *Norton,* 164 Conn. 2, 6, 316 A.2d 775 (1972); *New Haven Redevelopment Agency* v. *Research Associates, Inc.,* supra, 120.

The appeal is dismissed, sua sponte, for lack of jurisdiction.

In this opinion the other judges concurred.

---

[3] At oral argument the plaintiffs offered to withdraw their claims for injunctive relief and for damages in this action, reserving the right to bring a separate suit to obtain such relief. It is futile for the plaintiffs to attempt to waive their claims for additional relief in order to meet the final judgment requirement, because a jurisdictional defect renders the appeal void *ab initio* and is, therefore, not waivable. *Hao Thi Popp* v. *Lucas,* 182 Conn. 545, 549, 438 A.2d 755 (1980). In the present appeal there is a complete lack of jurisdiction, and the only power this court has over such a case is to dismiss for lack of jurisdiction. This court has no power to allow the plaintiff to, in effect, amend his complaint by waiving any claims for further relief. "An amendment presupposes jurisdiction of the case." *Hodge* v. *Williams,* 63 U.S. (22 How.) 87, 88, 16 L. Ed. 237 (1859). We have "no power to allow an amendment conferring jurisdiction, since that in itself would be an exercise of jurisdiction." *Willing* v. *Provident Trust Co.,* 21 F. Sup. 237, 238 (E.D. Pa. 1937). Further, the infirmity in this case can by no means be considered merely a waivable "defect in the process of appeal." *LaReau* v. *Reincke,* 158 Conn. 486, 493, 264 A.2d 576 (1969).