DEBRA HUMMEL *v.* MARTEN TRANSPORT, LTD., ET AL.
(AC 25471)

McLachlan, Harper and Hennessy, Js.

Argued April 1—officially released July 5, 2005

*William F. Gallagher*, with whom were *Erica W. Todd* and, on the brief, *Hugh D. Hughes* and *Joseph F. Trotta*, for the appellants (defendants).

*Albert E. Desrosiers*, with whom, on the brief, was *Donald C. Cousins*, for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. In this workers' compensation matter, the defendants, Marten Transport, Ltd. (Marten), and its insurer, Crawford & Company, appeal from the judgment of the workers' compensation review board (board) affirming the workers' compensation commissioner's finding of compensability. The defendants claim that there was inadequate evidence for the commissioner to conclude that the acute or chronic stress experienced by Henry Hummel, the deceased husband of the plaintiff, Debra Hummel, in his job as a long haul truck driver was a substantial factor in causing his death. We dismiss the appeal for lack of a final judgment.

The commissioner found the following facts. The plaintiff's husband, Henry Hummel, was a cross-country driver of an eighteen wheel tractor trailer for Marten. He was found dead in the sleeper cab of his truck on November 25, 1997. He had returned home from a cross-

country trip early in the afternoon of November 24, 1997, looking dirty, tired and agitated. He had a heated dispute with a Marten official over the telephone about whether he was entitled to be paid following an apparent problem with the paperwork that he had submitted earlier. The plaintiff testified that she had known her late husband for more than thirty years and had never seen him in such an agitated state. She feared he would have a heart attack. Following a shower and some rest, he left home between 10 p.m. and 11 p.m. He parked near his drop off point in Waterbury so that he could sleep and then drop off his load early the next morning. He died in the sleeper cab before morning.

The commissioner also found that Marten had urged Henry Hummel to drive as much as possible. He falsified his log books to hide from the transportation authorities the number of hours he drove. On the three week trip, completed shortly before his death, he had driven an average of 569 miles per day, and it was not unusual for him to drive 5000 miles in a week. He slept only two or three hours a day and never exercised. He did not eat a proper diet, nor did he eat on a regular schedule. He was a lifelong smoker and sometimes used cigars to wake himself up by burning his fingers when he fell asleep while driving. He was sixty-four years old at the time of his death.

The commissioner concluded that "[t]he stress of [Henry Hummel's] job and its limitations on his time for other activities was a substantial factor in the chain of events which led to [his] fatal ischemic heart disease." The commissioner accordingly ordered the payment of benefits pursuant to General Statutes § 31-306, which provides for the manner in which benefits are paid to dependents following death resulting from an accident or occupational disease. The commissioner did not determine the amount of benefits to be paid.

The defendants appealed to the board, claiming that the plaintiff failed to prove within a reasonable degree of medical probability that her late husband's employment was a substantial factor in the cause of his death. The board reviewed all of the testimony, including that of two medical experts, and concluded that an adequate evidentiary basis existed for the commissioner's finding of compensability. The board did not issue a remand order from its decision despite the failure to determine the amount of the award. Thereafter, the defendants appealed to this court, raising the same sufficiency of the evidence claim.

We first address the threshold jurisdictional issue of whether the defendants have appealed from a final judgment. Neither side addressed the issue in its brief, which we raised sua sponte and gave notice to the parties about prior to oral argument. We conclude that the defendants have not appealed from a final judgment.

Following the defendants' appeal to this court, we became aware of separate proceedings held before the commissioner and the board in this matter. After the board affirmed the commissioner's finding of compensability and did not issue a remand order to determine the specific amount of the award, the plaintiff apparently brought the separate proceeding to determine, among other things, the amount of benefits to be paid.[1] In addition to the calculation of widow's benefits, the plaintiff sought an order pursuant to General Statutes § 31-301 (f)[2] that the defendants pay her benefits pend-

---

[1] In her preliminary docketing statement to this court, the plaintiff stated that "there is a case pending [before] the [workers'] compensation review board between the same parties concerning the payment of benefits."

[2] General Statutes § 31-301 (f) provides: "During the pendency of any appeal of an award made pursuant to this chapter, the claimant shall receive all compensation and medical treatment payable under the terms of the award to the extent the compensation and medical treatment are not being paid by any health insurer or by any insurer or employer who has been ordered, pursuant to the provisions of subsection (a) of this section, to pay a portion of the award. The compensation and medical treatment shall be paid by the employer or its insurer."

ing this appeal and sought the imposition of penalties under General Statutes §§ 31-300 and 31-303. The commissioner entered the § 31-301 (f) order and held open the issue of penalties. The defendants responded by raising the issue of whether, under General Statutes § 31-307 (e),[3] any benefits to which the plaintiff was entitled would be offset by social security old age insurance benefits that the defendants claim the plaintiff receives. After the commissioner issued his decision, the board heard another appeal on the issues related to the award, penalties and offsets, and issued a remand order for a final calculation of benefits. Thereafter, we heard oral arguments in this appeal.

Both the plaintiff and the defendants appeared and argued that the judgment appealed from was a final judgment under our Supreme Court's recent decision in *Hunt* v. *Naugatuck*, 273 Conn. 97, 868 A.2d 54 (2005). Because the requirement of a final judgment implicates our subject matter jurisdiction, however, the parties' willingness to proceed is insufficient. It is apparent that the judgment appealed from is interlocutory because it is a judgment as to compensability without a determination of damages. See *Stroiney* v. *Crescent Lake Tax District*, 197 Conn. 82, 84, 495 A.2d 1063 (1985) (judgment as to liability only, without determination of damages, is interlocutory in character).

"It is axiomatic that appellate review of disputed claims of law and fact ordinarily must await the rendering of a final judgment by the compensation review [board]. . . . The test that determines whether such a

---

[3] General Statutes § 31-307 (e) provides: "Notwithstanding any provision of the general statutes to the contrary, compensation paid to an employee for an employee's total incapacity shall be reduced while the employee is entitled to receive old age insurance benefits pursuant to the federal Social Security Act. The amount of each reduced workers' compensation payment shall equal the excess, if any, of the workers' compensation payment over the old age insurance benefits."

decision is a final judgment turns on the scope of the proceedings on remand: if such further proceedings are merely ministerial, the decision is an appealable final judgment, but if further proceedings will require the exercise of independent judgment or discretion and the taking of additional evidence, the appeal is premature and must be dismissed." (Citations omitted.) *Szudora* v. *Fairfield*, 214 Conn. 552, 556, 573 A.2d 1 (1990).

Applying the *Szudora* principle to this case, we conclude that the defendants have not appealed from a final judgment. Although two separate proceedings were brought, the first to determine compensability and the second to determine the award, the board's ruling on compensability merely was a step along the road to a final judgment. Essentially, the two proceedings the plaintiff has brought will result in one final judgment. Following the appeal on the issue of compensability, the board impliedly remanded the matter for proceedings to determine the amount of the award. Following the award proceeding, the board explicitly remanded the matter to the commissioner with directions. Because the matter currently is on remand to the commissioner, we apply the *Szudora* test to determine whether this appeal may proceed despite that remand order. It cannot. The proceedings on remand will require the commissioner to exercise independent judgment to determine the question of law of whether the social security offset of § 31-307 (e) applies to the plaintiff in this case. Furthermore, in order to determine whether and to what extent the plaintiff receives social security old age insurance benefits, further evidence will be required. This appeal, therefore, must be dismissed.

Although the parties each relied heavily on *Hunt* v. *Naugatuck*, supra, 273 Conn. 97, we distinguish it from this case. In *Hunt*, the plaintiff discovered a compensable hypertension condition and initiated workers' compensation proceedings before the statute of limitations

barred him from recovering. Id., 99–100. The plaintiff in that case had not yet suffered any lost time at work or other compensable loss due to the condition. Id., 101. He initiated workers' compensation proceedings merely to protect his right to recover if and when his existing condition caused a measurable loss. The board concluded that the plaintiff's condition was compensable, that the claim was timely and that a calculation of the award would take place in the future when the condition caused a loss. Id. The defendant, the borough of Naugatuck, appealed. In reversing this court's dismissal of the appeal for lack of a final judgment, our Supreme Court explained that, applying the *Szudora* test, the appeal was from a final judgment despite the lack of an award calculation because there was no remand. In this case, on the other hand, there is a remand order, and it involves more than ministerial proceedings. The fact that the order is from a separate proceeding initiated to bring this matter to completion changes nothing because the finding of compensability merely is a step toward a final judgment. The other crucial distinction between this case and *Hunt* is that here, the plaintiff's husband has died and, therefore, she has sustained a loss for which benefits can be calculated. In *Hunt*, by contrast, the plaintiff had not yet suffered a determinable loss at the time of the action.

The appeal is dismissed.

In this opinion the other judges concurred.