******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ADRIANA RUIZ ET AL. *v.* VICTORY PROPERTIES, LLC
(AC 39381)

Prescott, Elgo and Beach, Js.

*Syllabus*

The plaintiffs, O and her minor daughter, A, sought to recover damages from the defendant, V Co., the owner of an apartment building where the plaintiffs resided, for personal injuries sustained by A as a result of V Co.'s alleged negligence. Following the commencement of the action, the court granted the plaintiffs' motion to cite in as a defendant K, the managing member of V Co., and I Co., a company for which K was the president and a director. The plaintiffs then filed an amended complaint alleging negligence against V Co. in the first two counts and fraudulent transfer against V Co. and I Co. in the third count, and, in the fourth count, they sought to pierce the corporate veil to hold K personally liable for any wrongful conduct alleged in count three against V Co. and I Co. Thereafter, V Co. filed a motion for summary judgment, and I Co. and K filed a separate motion for summary judgment as to counts three and four. The trial court granted V Co.'s motion and rendered summary judgment in its favor. The next day, the trial court granted the motion for summary judgment filed by I Co. and K and rendered judgment thereon, concluding that the counts against them were derivative of the counts against V Co. The plaintiffs thereafter appealed to this court challenging only the summary judgment rendered in favor of V Co. This court reversed the summary judgment and, on the granting of certification, V Co. appealed to our Supreme Court, which affirmed this court's judgment. Subsequently, the plaintiffs filed a motion to open the summary judgment rendered in favor of I Co. and K pursuant to the applicable statute (§ 52-212a). The trial court denied the plaintiffs' motion to open on the ground that it was untimely because it was not filed within four months following the date on which the judgment was rendered as required by § 52-212a. On appeal to this court, the plaintiffs claimed that the trial court abused its discretion in denying their motion to open the summary judgment because the four month limitation period contained in § 52-212a had been tolled by the filing of their first appeal. *Held* that the trial court properly denied the plaintiffs' motion to open: the plaintiffs' claim that the automatic stay provision in the relevant rule of practice (§ 61-11 [a]) operated to preserve the entire procedural posture of the case during the pendency of the prior appeal was not supported by established case law or the plain language of § 61-11 (a), as our Supreme Court has clarified that trial courts in this state have the power to conduct proceedings and to act on motions filed during the pendency of an appeal provided they take no action to enforce or carry out a judgment while an appellate stay is in effect, the plain language of the automatic stay provision in § 61-11 (a) creates only a stay of execution regarding the judgment from which the appeal was filed and because the plaintiffs did not appeal from the summary judgment rendered in favor of I Co. and K, any protection afforded by the automatic stay related to the prior appeal did not extend to that judgment; moreover, although our Supreme Court has indicated that the four month limitation period in § 52-212a may be tolled on equitable grounds in certain circumstances, the plaintiffs did not argue on appeal that the limitation period should be tolled on equity grounds nor did they identify any particular equitable principles or cite to relevant case law regarding the doctrine of equitable tolling, and given that the plaintiffs provided no justification for their failure to challenge directly the summary judgment rendered in favor of I Co. and K as part of their prior appeal, it was not clear that they could prevail in a balancing of the equities involved.

Argued December 6, 2017—officially released April 10, 2018

*Procedural History*

Action to recover damages for, inter alia, personal injuries sustain by the named plaintiff as a result of

the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of New Britain, where the court, *Vacchelli, J.*, granted the plaintiffs' application for a prejudgment remedy; thereafter, the court, *Swienton, J.*, granted the plaintiffs' motion to join John R. Kovalcik and Interpros, Inc., as defendants; subsequently, the defendant John R. Kovalcik et al. filed an apportionment complaint against Saribel Cruz et al.; subsequently, the court, *Pittman, J.*, granted the defendants' motions for summary judgment and rendered judgment thereon, from which the plaintiffs appealed to this court, which reversed the trial court's judgment as to the named defendant and remanded the case to the trial court with direction to deny the motion for summary judgment filed by the named defendant and for further proceedings; thereafter, the named defendant, on the granting of certification, appealed to our Supreme Court, which affirmed this court's judgment; subsequently, the court, *Swienton, J.*, denied the plaintiffs' motion to open the judgment as to the defendant John R. Kovalcik et al., and the plaintiffs appealed to this court. *Affirmed.*

*Matthew D. Paradisi*, for the appellants (plaintiffs).

*Lorinda S. Coon*, with whom, on the brief, were *John M. O'Donnell* and *Herbert J. Shepardson*, for the appellees (defendant John Kovalcik et al.).

*Opinion*

PRESCOTT, J. In this appeal from the judgment of the trial court denying a motion to open a summary judgment, we consider the interplay between (1) General Statutes § 52-212a,[1] which places a four month limit on the trial court's inherent authority to open or set aside a judgment; (2) the doctrine of finality of judgments; and (3) the automatic stay provision of Practice Book § 61-11 (a),[2] which, in applicable civil cases, prohibits any proceeding to enforce or carry out a final judgment or order during the appeal period and, if an appeal is filed, until a final determination of that appeal.

The plaintiffs, Adriana Ruiz and Olga Rivera,[3] claim on appeal that the trial court improperly declined to open a summary judgment on counts three and four of their complaint that had been rendered years earlier in favor of the defendants, Victory Properties, LLC (Victory), John R. Kovalcik, and Intepros, Inc. (Intepros). In the plaintiffs' view, the fourth month limitation period contained in § 52-212a had been stayed by the filing of an earlier appeal by them challenging a summary judgment rendered in favor of Victory on counts one and two of their complaint. We affirm the judgment of the trial court denying the plaintiffs' motion to open.

The following procedural history is relevant to this appeal. The plaintiffs initiated this personal injury action in January, 2009, against Victory, their landlord, to recover money damages arising from injuries that Ruiz sustained while playing in the rubble strewn backyard of the apartment building where she lived. Specifically, the plaintiffs alleged in counts one and two of their complaint[4] that Ruiz, who was seven years old at the time, suffered serious head injuries when her ten year old neighbor took a piece of a cinder block from the backyard, "carried it up to his family's third floor apartment and dropped it onto [her] head from a window or the balcony of that apartment." See *Ruiz* v. *Victory Properties, LLC*, 315 Conn. 320, 323, 107 A.3d 381 (2015). The plaintiffs asserted that Victory was negligent because it had failed to remove loose concrete and other debris from the apartment building's backyard where it knew or should have known that children were likely to play, and that Victory's negligence was the proximate cause of Ruiz' injuries.

In May, 2009, the plaintiffs filed an application for a prejudgment remedy of attachment with respect to five buildings owned by Victory. According to the plaintiffs, Victory had informed them that it did not have liability insurance. Furthermore, the plaintiffs believed that Victory was in the process of selling one or more of its properties. On August 14, 2009, the court granted a prejudgment remedy in the amount of $100,000 against Victory.[5]

On November 30, 2009, the plaintiffs filed a motion

to cite in as additional defendants in the action Kovalcik, who was the managing member of Victory, and Intepros, a company for which Kovalcik was the president and a director. According to the plaintiff, Kovalcik, acting on behalf of Victory, granted a $500,000 mortgage to Intepros with respect to the attached real properties, presumably with the goal of shielding those assets in the event Victory was found liable on the negligence counts. The court granted the motion on December 23, 2009, and the plaintiffs filed and served an amended complaint that included two additional counts. Counts one and two of the amended complaint continued to sound in negligence against Victory. Count three alleged violations of the Uniform Fraudulent Transfer Act, General Statutes § 52-552a et seq., against Victory and Intepros, and in count four the plaintiffs sought to pierce the corporate veil and to hold Kovalcik personally liable for any wrongful conduct alleged in count three against Victory or Intepros.[6]

On April 23, 2010, Victory filed a motion for summary judgment, arguing that it had no legal duty to protect a tenant from injuries caused by the intentional act of another tenant. That same day, Kovalcik and Intepros filed a motion seeking summary judgment with respect to the fraudulent transfer counts. They argued that those counts were derivative of the negligence counts in that the plaintiffs would be precluded from recovering against Kovalcik and Intepros if the court rendered summary judgment in favor of Victory on the negligence counts. The plaintiffs filed an objection directed at both motions for summary judgment, arguing that the defendants had "failed to show that they were entitled to judgment as a matter of law on any of the counts or on any legal theory." They also filed a memorandum of law in support of their objection that focused entirely on the negligence counts, failing to address in any way the argument that if the court rendered summary judgment on the negligence counts it also should render summary judgment on the fraudulent transfer counts.

The court, *Pittman, J.*, issued a memorandum of decision on October 5, 2010, granting Victory's motion for summary judgment. The court concluded that the material facts were not in dispute and that there was no evidence from which a reasonable trier of fact could conclude that the type of incident that led to Ruiz' injuries was reasonably foreseeable by Victory, nor was there a compelling public policy reason to impose a duty on the landlord in this case.[7]

The next day, on October 6, 2010, Judge Pittman issued a separate memorandum of decision granting the motion for summary judgment filed by Kovalcik and Intepros. According to the court, "[b]ecause the issue of liability has been resolved against the plaintiffs and in favor of the primary defendant Victory, and because the claims of the remaining defendants Koval-

cik and Intepros are derivative only, the claims as to these latter defendants cannot survive."

The plaintiffs, on October 21, 2010, filed a motion seeking reconsideration and an opportunity to reargue both summary judgment decisions. Although the discussion in the motion was limited to the court's analysis regarding the negligence counts, the request for relief asked the court to reconsider its decisions on both motions for summary judgment. The court denied the motion the same day without discussion.

The plaintiffs filed an appeal with this court on November 2, 2010. The corresponding appeal form indicates that the plaintiffs sought to challenge only the summary judgment rendered on October 5, 2010, which was the summary judgment granted in favor of Victory. On November 12, 2010, however, Kovalcik and Intepros filed a motion asking this court to dismiss the appeal as to them. This court denied that motion on February 9, 2011, issuing an order to all parties clarifying that it was unnecessary to dismiss the appeal as to Kovalcik and Intepros because the plaintiffs' appeal was filed only from the summary judgment rendered in favor of Victory and the plaintiffs had not sought permission to amend the appeal to include the summary judgment rendered on October 6, 2010.

Despite notice that the Appellate Court did not consider the October 6, 2010 summary judgment rendered in favor of Kovalcik and Intepros to be part of the judgment challenged on appeal, the plaintiffs never sought permission to file a late amended appeal or to indicate otherwise their intent to challenge the October 6, 2010 judgment. In other words, the plaintiffs failed to indicate in any manner that in the event that they were successful in overturning the summary judgment on the negligence counts, they also sought to overturn the summary judgment rendered on the fraudulent transfer counts in favor of Kovalcik and Intepros, a judgment that was predicated on the disposition of the negligence counts.

On May 1, 2012, this court issued its decision reversing the trial court's summary judgment in favor of Victory. *Ruiz* v. *Victory Properties, LLC*, 135 Conn. App. 119, 43 A.3d 186 (2012), aff'd, 315 Conn. 320, 107 A.3d 381 (2015). This court agreed with the plaintiffs that the trial court improperly had concluded on the evidence submitted that Victory owed them no duty of care as a matter of law. Our Supreme Court subsequently granted Victory's petition for certification to challenge the judgment of this court. On January 20, 2015, our Supreme Court issued its decision affirming our reversal of the trial court's summary judgment in favor of Victory, concluding that there were genuine issues of material fact that must be left for the trier of fact. *Ruiz* v. *Victory Properties, LLC*, supra, 315 Conn. 347. Victory filed a motion for reconsideration en banc,

which our Supreme Court denied on March 4, 2015.

On April 24, 2015, the plaintiffs filed a motion pursuant to Practice Book § 17-4[8] and General Statutes § 52-212a, asking the trial court to open the October 6, 2010 summary judgment rendered in favor of Kovalcik and Intepros. The plaintiffs argued that the trial court had rendered that judgment solely on the basis that the plaintiffs' claims against Kovalcik and Intepros were derivative of the claims against Victory, and that because our Supreme Court had upheld this court's judgment reversing the summary judgment rendered in favor of Victory, "there now exists good cause" for the trial court to open the judgment disposing of the claims against Kovalcik and Intepros.

Kovalcik and Intepros filed a joint objection to the motion to open. They argued that although our Supreme Court had ruled in favor of the plaintiffs, the case was remanded for a trial only as to the counts against Victory, that the plaintiffs had chosen not to appeal from the October 6, 2010 judgment in favor of Kovalcik and Intepros, and that "four and one-half years postdecision, the plaintiffs have long waived any claim or motion to reopen the [judgment]." Both sides filed memoranda of law in support of their respective positions.

On June 7, 2016, the court, *Swienton, J.*, heard oral argument on the motion to open. On June 17, 2016, it denied the motion. After briefly setting forth the relevant facts and applicable law, the court concluded as follows: "Although the plaintiff[s] argue that 'good cause' exists for the judgment to be opened, good cause is not the proper standard for the court to consider in opening the judgment. The defendants argue that the proper procedure for challenging the judgment would have been to file an appeal. The plaintiffs make the argument that the matter was stayed due to the filing of the appeal [against Victory] and, therefore, time somehow stood still while the appeal was pending. However, the judgment entered against [Kovalcik and Intepros] was a final judgment from which the only remedy would have been to file an appeal." This appeal followed.

The plaintiffs' sole claim on appeal is that the court abused its discretion by denying their motion to open as untimely. The plaintiffs argue, as they did before the trial court, that the automatic stay provision of Practice Book § 61-11 (a) operates "to preserve the entire procedural posture of a case" during the pendency of an appeal. They conclude, therefore, that the four month period for filing a motion to open pursuant to § 52-212a was tolled by the filing of their prior appeal and, contrary to the assertion of the trial court, had not yet run when the plaintiffs filed the motion to open. We disagree.

We begin with our standard of review and applicable

legal principles. Ordinarily, our review of a court's decision to deny a motion to open is limited to whether the court abused its discretion. See *Flater* v. *Grace*, 291 Conn. 410, 419, 969 A.2d 157 (2009) ("We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." [Internal quotation marks omitted.]). Nevertheless, to the extent that our consideration of the court's exercise of its discretion in this case turns on the proper application of statutory provisions or our rules of practice, this involves a question of law over which we exercise plenary review. See *Wiseman* v. *Armstrong*, 295 Conn. 94, 99, 989 A.2d 1027 (2010).

Turning to the applicable law, we begin by discussing the doctrine of finality of judgments, which is implicated in the present appeal. Generally, courts recognize "a compelling interest in the finality of judgments which should not lightly be disregarded. Finality of litigation is essential so that parties may rely on judgments in ordering their private affairs and so that the moral force of court judgments will not be undermined. The law favors finality of judgments . . . ." 46 Am. Jur. 2d 543–44, Judgments § 164 (2017). This court has emphasized that due consideration of the finality of judgments is important and that judgments should only be set aside or opened for a strong and compelling reason. See *Lewis* v. *Bowden*, 166 Conn. App. 400, 403, 141 A.3d 998 (2016); see also *Brody* v. *Brody*, 153 Conn. App. 625, 631–32, 103 A.3d 981, cert. denied, 315 Conn. 910 (2014), and cases cited therein. It is in the "interest of the public as well as that of the parties [that] there must be fixed a time after the expiration of which the controversy is to be regarded as settled and the parties freed of obligation to act further in the matter by virtue of having been summoned into or having appeared in the case. . . . Without such a rule, no judgment could be relied on." (Citation omitted; internal quotation marks omitted.) *Bruno* v. *Bruno*, 146 Conn. App. 214, 229, 76 A.3d 725 (2013). "[T]he modern law of civil procedure suggests that even litigation about subject matter jurisdiction should take into account the importance of the principle of the finality of judgments . . . ." *Urban Redevelopment Commission* v. *Katsetos*, 86 Conn. App. 236, 241, 860 A.2d 1233 (2004), cert. denied, 272 Conn. 919, 866 A.3d 1289 (2005).

Protecting the finality of judgments is the primary purpose behind the legislature's enactment of § 52-212a. See *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 276 Conn. 168, 222 n.60, 884 A.2d 981 (2005); *Kim* v. *Magnotta*, 249 Conn. 94, 102, 733 A.2d 809 (1999). Although it is undisputed that courts of general jurisdic-

tion have the inherent power to open, correct, or modify their own judgments, "the duration of this power is restricted by statute and rule of practice." *Batory* v. *Bajor*, 22 Conn. App. 4, 8, 575 A.2d 1042, cert. denied, 215 Conn. 812, 576 A.2d 541 (1990). In particular, § 52-212a constrains the trial court's general authority to grant relief from a final judgment, providing in relevant part that "[u]nless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed *within four months following the date on which it was rendered or passed. . . .*" (Emphasis added.)[9]

Our Supreme Court has instructed courts to look to the date when the judgment the party seeks to open or set aside became final in calculating the start of the four month limitation period in § 52-212a. See *Nelson* v. *Dettmer*, 305 Conn. 654, 674, 46 A.3d 916 (2012) (indicating that plain meaning of "rendered and passed" as used in § 52-212a "contemplates finality" of judgment). The court in *Nelson* concluded that for the purpose of determining finality with respect to § 52-212a and, thus, the commencement of the four month limitation period in which to file a motion to open, a judgment granting a motion for summary judgment did not become final until the trial court denied a motion to reargue that was filed within the applicable appeal period.[10] *Nelson* thus stands for the proposition that, under limited circumstances, the date a judgment is deemed final shifts from the date the judgment was rendered by the court until such time as that court disposes of any postjudgment motions that, if granted, would affect the substantive rights of the parties. In *Kim* v. *Magnotta*, supra, 249 Conn. 109, our Supreme Court also recognized that, "in some situations, the principle of protection of the finality of judgments must give way to the principle of fairness and equity." Neither *Nelson* nor *Kim*, however, concludes, or can be read to imply, that the filing of an appeal from a related judgment suspends the finality of a judgment for purposes of complying with the four month limitation period in § 52-212a.[11]

Turning to the present case, the court rendered summary judgment in favor of Kovalcik and Intepros on October 6, 2010. The stated ground for the court's decision was that the claims against them were "derivative" of the plaintiffs' negligence claims against Victory and, because the court had granted Victory's motion for summary judgment in a separate decision dated October 5, 2010, the claims against these latter defendants "cannot survive."[12] Irrespective of the reasons for granting the motion for summary judgment, the court's judgment disposed of all counts of the complaint brought against Kovalcik and Intepros. Thus, it constituted a final judgment with respect to those parties. See Practice Book § 61-3. A motion to reargue, however, was filed on Octo-

ber 21, 2010, and denied that same day. Accordingly, pursuant to our Supreme Court's decision in *Nelson* v. *Dettmer*, supra, 305 Conn. 654, the four month period to file a motion seeking relief from that judgment under § 52-212a began to run on October 21, 2010, and expired in February, 2011.

Our Supreme Court has indicated that the four month limitation period in § 52-212a may be tolled on equitable grounds in certain circumstances. See *Kim* v. *Magnotta*, supra, 249 Conn. 109. Nevertheless, the plaintiffs have not argued on appeal that the four month limitation period in § 52-212a should give way in the present case on account of principles of equity nor have they identified any particular equitable principles or cited to relevant case law regarding the doctrine of equitable tolling. Moreover, given that the plaintiffs have provided no justification for their failure to challenge directly the summary judgment on the fraudulent transfer counts as part of their prior appeal, which would have eliminated the need for a late motion to open, it is not clear that they could prevail in a balancing of the equities involved.

Finally, we turn to the plaintiffs' primary argument on appeal, namely, that the running of the four month limitation period was tolled in this case because, for all intents and purposes, the underlying action was "proverbially preserved in amber upon the filing of [the prior] appeal." That argument is not supported either by the plain language of Practice Book § 61-11 (a) or existing case law.

First, construing the automatic appellate stay provision in the expansive manner suggested by the plaintiffs would be in direct conflict with existing case law. In this state, the filing of an appeal does not divest the trial court of jurisdiction or authority to continue to act in the matter on appeal.[13] To the contrary, our Supreme Court has clarified on numerous occasions that trial courts in this state continue to have the power to conduct proceedings and to act on motions filed during the pendency of an appeal provided they take no action to enforce or carry out a judgment while an appellate stay is in effect. See *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 682, 691–92, 899 A.2d 586 (2006) (trial court properly may open judgment despite pending appeal and may even reverse itself rendering appeal moot); *Ahneman* v. *Ahneman*, 243 Conn. 471, 482, 706 A.2d 960 (1998) ("[i]t is well established that a trial court maintains jurisdiction over an action subsequent to the filing of an appeal"), and cases cited therein. The automatic stay prohibits only those actions that would execute, effectuate, or give legal effect to all or part of a judgment challenged on appeal. See *Caruso* v. *Bridgeport*, 284 Conn. 793, 803, 937 A.2d. 1 (2007); *Cunniffe* v. *Cunniffe*, 150 Conn. App. 419, 435 n.12, 91 A.3d 497 (2014).

Second, the plaintiffs appear to misconstrue the scope and purpose of the automatic stay provision of Practice Book § 61-11 (a). As previously noted, Practice Book § 61-11 (a) provides that, with limited exceptions not relevant here, "proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause." Accordingly, by its plain language, the automatic stay provision creates only a stay of *execution* regarding the judgment from which the appeal was filed. In other words, the automatic appellate stay, "merely denies [the successful litigant] the immediate fruits of his or her victory . . . in order to protect the full and unhampered exercise of the right to appellate review." (Citation omitted; internal quotation marks omitted.) *Preisner* v. *Aetna Casualty & Surety Co.*, 203 Conn. 407, 414, 525 A.2d 83 (1987). As the plaintiffs conceded at oral argument, there is no express language in that provision that gives rise to any blanket prohibition against all further proceedings in the trial court upon the filing of an appeal.[14]

Lastly, the plaintiffs did not appeal from the judgment rendered in favor of Kovalcik and Intepros, and, therefore, any protection afforded by the automatic appellate stay did not extend to that judgment. We have recently held that if the trial court renders multiple but separate judgments in the same case, this results in distinct and separate appeal periods, and "any automatic stay that is extended as the result of filing an appeal from [one judgment] will not stay proceedings to enforce or carry out the judgment on the [other]." *Sovereign Bank* v. *Licata*, 178 Conn. App. 82, 99, 172 A.3d 1263 (2017) (holding automatic stay arising as result of appeal taken from judgment on counterclaims in foreclosure action did not stay proceedings to enforce or carry out judgment of strict foreclosure rendered on complaint). Even after this court notified the parties in response to the motion to dismiss filed by Kovalcik and Intepros that we construed the plaintiffs' prior appeal as challenging only the judgment rendered in favor of Victory, the plaintiffs took no action to amend the prior appeal.

We recognize that our jurisprudence regarding the finality of judgments, preservation of appellate issues, and limitations on a party's right to seek collateral relief from a judgment is, at times, somewhat opaque and fraught with potential pitfalls for attorneys and self-represented litigants. The plaintiffs in the present case appear to have misapprehended these rules, as is apparent from their failure to appeal from the October 6, 2010 judgment on the mistaken belief that the unchallenged judgment could later be opened and set aside by the trial court if they were successful in overturning the summary judgment in favor of Victory. Nevertheless, Kovalcik and Intepros were entitled to rely upon the

finality of the decision rendered in their favor once the applicable appeal period had passed. The plaintiffs' attempt to revive the claims against them by filing a motion to open well outside the statutorily prescribed time period was not, as the trial court indicated, a proper substitute for an appeal.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

[2] Practice Book § 61-11 (a) provides in relevant part: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ."

[3] Rivera is Ruiz' mother, and she brought the action both individually and as Ruiz' next friend and parent.

[4] Count one was brought by Rivera on behalf of Ruiz and sought compensatory damages for Ruiz' injuries. Count two was brought by Rivera in her individual capacity and sought compensation for expenses that she incurred in obtaining treatments for Ruiz' injuries.

[5] In their application for a prejudgment remedy, the plaintiffs had sought to secure an order allowing them to attach property of Victory up to a sum of $1,000,000. Although the court found that there was probable cause that the plaintiffs would prevail on their negligence claim against Victory, the court believed that because of the availability of apportionment of liability, Victory ultimately would be found to be only 10 percent responsible, and, accordingly, it granted the application allowing attachment only up to the amount of $100,000.

[6] Prior to the court's rendering summary judgment, Kovalcik and Intepros filed an apportionment complaint against two individuals, Delis Cabrera and Saribel Cruz, who allegedly were responsible for supervising Ruiz and the child that injured her. Cabrera and Cruz did not appear before the trial court and have not participated in the present appeal.

[7] As previously indicated, Victory was a named defendant with respect to the first three counts of the operative complaint. Victory, however, did not specifically indicate in its motion for summary judgment whether it sought summary judgment only with respect to the two negligence counts of the operative complaint or, conversely, all counts in which it was named. The trial court's decision granting Victory's motion for summary judgment also did not state explicitly on which counts the court had rendered judgment. We raise this ambiguity for two reasons. First, if the October 5, 2010 summary judgment did not resolve count three as to Victory, this would raise a significant question regarding whether the prior appeal was taken from a final judgment. Because such a judgment would not have disposed of all counts brought against Victory, the appeal from that judgment would have been jurisdictionally defective. See *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 33, 930 A.2d 682 (2007). Second, if the October 5, 2010 summary judgment encompassed count three, then the decision by our Supreme Court to reverse the summary judgment also encompassed count three.

We construe the court's summary judgment in favor of Victory to encompass all claims brought against it because neither the parties, this court nor our Supreme Court ever questioned the jurisdictional footing of the prior appeal. In other words, it appears that this court and our Supreme Court construed the summary judgment as having disposed of all three counts brought against Victory because they could not have decided the merits of the prior appeal if all counts had not been disposed of by the trial court. There is also nothing in the underlying pleadings or in the trial court's October 5, 2010 memorandum of decision that directly contradicts this construction of the judgment. See *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 91–92, 952 A.2d 1 (2008) (construction of judgments is question of law for reviewing court and effect must be given not only to that which is expressed but to that which is clearly implied as well). Accordingly, on remand, count three of the complaint against Victory remains pending before

the trial court in addition to the two negligence counts.

[8] Practice Book § 17-4 (a), which largely mirrors the language of § 52-212a, provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. . . ."

[9] The plaintiffs do not argue that any exception to the four month limitation period contained in § 52-212a is applicable in the present case.

[10] In so holding, our Supreme Court in *Nelson* relied on language from its decision in *Weinstein* v. *Weinstein*, 275 Conn. 671, 698–99, 882 A.2d 53 (2005), in which it indicated that the filing of a motion to reargue or for reconsideration of a judgment within the applicable appeal period "should be treated as suspending the finality of judgment" and "suspends the appeal period." *Nelson* v. *Dettmer*, supra, 305 Conn. 677. It is axiomatic that we are bound by the decisions of our Supreme Court. See *Stuart* v. *Stuart*, 297 Conn. 26, 45–46, 996 A.2d 259 (2010). We nevertheless take this opportunity to note an apparent tension between our Supreme Court's reasoning and our rules of practice. Our Supreme Court suggests by its language in *Weinstein* that the filing of a motion to reargue "suspends" finality and, thus, the time to file an appeal. The plain language of Practice Book § 63-1 (a) and (c) (1), however, provides that the filing of such a postjudgment motion creates a *new* appeal period in which to challenge the original judgment, but that the *original* appeal period, which runs from the time the judgment was initially rendered continues to run, and that a *proper appeal from the initial judgment may be filed in either the original or newly created appeal period*. If the finality of a judgment truly is suspended by the filing of a motion to reargue, a party could not file such a motion and also file an appeal in the original appeal period because that appeal arguably would not be taken from a final judgment—a jurisdictional defect. See, e.g., *Stroiney* v. *Crescent Lake Tax District*, 197 Conn. 82, 86, 495 A.2d 1063 (1985).

[11] Support for a rule that the filing of an appeal does not toll the time period in which to seek relief from a judgment from the trial court is found in our federal courts' treatment of this issue. The analogous federal rule authorizing motions to open judgments is found in Rule 60 (b) of the Federal Rules of Civil Procedure, and requires that parties move for relief from a final judgment "within a reasonable time," although motions based on mistake, excusable neglect, previously undiscovered evidence, or fraud must be filed "no more than a year after the entry of the judgment or order . . . ." Federal courts have held that "[b]y its terms, the one-year time limit in Rule 60 (b) runs from the date the judgment was 'entered' in the district court; it does not run from the date of an appellate decision reviewing that judgment, *nor does the pendency of an appeal toll the one-year period*." (Emphasis added.) *Tool Box*, *Inc.* v. *Ogden City Corp.*, 419 F.3d 1084, 1088–89 (10th Cir. 2005).

[12] The plaintiffs place great weight on the fact that the court referred to the counts against Kovalcik and Intepros as having been "derivative" of the negligence counts. We are unpersuaded that this designation has any meaningful significance in our consideration of the issue before us. It may be accurate that the plaintiffs' sole motivation for bringing the fraudulent transfer counts was to aid their ability to secure any judgment that they might obtain as a result of their negligence action against Victory and, thus, absent the negligence counts, neither they nor the court had any incentive to pursue those counts. The causes of action, however, are legally distinct and require proof of different facts, and, therefore, the court's judgments on those counts were separate and distinct for purposes of an appeal.

[13] Although a majority of states hold that an appeal divests the trial court of jurisdiction to act in the matter on appeal, Connecticut is among the substantial minority of jurisdictions that recognize a trial court's continuing jurisdiction. See 46 Am. Jur. 2d 30–31, Judgments § 647 (2017), and cases cited therein.

[14] In support of their assertion that an appeal effectively preserves "in amber" the procedural posture of a case on appeal, the plaintiffs cite language from our decision in *Pavliscak* v. *Bridgeport Hospital*, 48 Conn. App. 580, 589, 711 A.2d 747, cert. denied, 245 Conn 911, 718 A.2d 17 (1998), in which we reversed a trial court order that significantly altered the judgment being considered on appeal. Our Supreme Court, however, impliedly overruled *Pavliscak* when it reaffirmed in *RAL Management*, *Inc.* v. *Valley View Associates*, supra, 278 Conn. 691–92, that a trial court properly may alter a judgment that is the subject of a pending appeal even if by doing so the trial

court rendered the appeal moot. Any reliance upon this court's discussion in *Pavliscak* is, therefore, misplaced.

---