******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

# FEDERAL NATIONAL MORTGAGE ASSOCIATION
## *v.* RICHARD FARINA ET AL.
### (AC 39924)

DiPentima, C. J., and Prescott and Elgo, Js.

*Syllabus*

The plaintiff mortgage company sought, by way of summary process, to gain possession of certain real property previously owned by the defendant F. In the underlying residential mortgage foreclosure action, F had appealed from a judgment of strict foreclosure to this court, which affirmed the judgment and remanded the case to the trial court for the purpose of setting new law days. F subsequently filed an amended motion to vacate the judgment of strict foreclosure, which was treated as a motion to open the judgment of strict foreclosure and was denied by the trial court. F appealed from the trial court's denial of his motion to open and his motion to reargue, and this court dismissed that second appeal as frivolous. F subsequently filed a second motion to open and a motion to dismiss that were both denied by the trial court, which extended the law days to April 25, 2016. After F appealed to this court from the trial court's denial of his motion to dismiss, the plaintiff filed a motion to dismiss F's appeal, which this court granted. Subsequently, the plaintiff commenced the present summary process action. F filed a motion to dismiss on the ground that the plaintiff lacked standing to bring the summary process action because it was not the valid title holder of the subject property. The trial court granted F's motion to dismiss and rendered judgment of dismissal, from which the plaintiff appealed to this court. On appeal, F claimed that dismissal of the summary process action was proper because, pursuant to the applicable rule of practice (§ 61-11), an automatic stay of execution of the prior foreclosure judgment was in place and, thus, the April 25, 2016 law day passed without effect and title never vested in the plaintiff. The plaintiff claimed that title properly vested after the running of the law days on April 25, 2016, as no automatic stay was created by the filing of the final appeal in the foreclosure action pursuant to § 61-11 (g). *Held* that the trial court improperly granted F's motion to dismiss the summary process action for lack of standing; F's claim in the present appeal regarding the plaintiff's standing was an impermissible collateral attack on the judgment in the prior proceeding, as this court previously rendered judgment granting the plaintiff's motion to dismiss F's final appeal of the foreclosure action on the ground that the appeal was moot because § 61-11 (g) prevented the automatic stay from going into effect and, therefore, the law days passed and title of the property had vested absolutely with the plaintiff, F did not file a petition for certification with our Supreme Court from that decision, and the plaintiff was entitled to rely on the finality of the judgment in the underlying foreclosure action for its standing in the present summary process action.

Argued February 13—officially released June 26, 2018

*Procedural History*

Summary process action brought to the Superior Court in the judicial district of New Britain, Housing Session, where the court, *Hon. Henry S. Cohn*, judge trial referee, granted the motions to dismiss filed by the named defendant et al. and rendered judgment of dismissal, from which the plaintiff appealed to this court. *Reversed; further proceedings*.

*Robert J. Wichowski*, for the appellant (plaintiff).

*William E. Carter*, for the appellee (named defendant).

*Opinion*

ELGO, J. In this summary process action, the plaintiff, Federal National Mortgage Association, appeals from the judgment of dismissal in favor of the defendant Richard Farina.[1] On appeal, the plaintiff claims that the trial court improperly concluded that it lacked standing to bring the present action. The plaintiff contends that, pursuant to a judgment of strict foreclosure, title to the subject property vested absolutely in the plaintiff on April 25, 2016, and, therefore, as the owner of the property, it had standing to prosecute the summary process action. The defendant, by contrast, claims that title never passed to the plaintiff in the foreclosure action because an appellate stay was in effect that prevented the law days from passing and, thus, the defendant is still the title holder of the property. We agree with the plaintiff and reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The defendant owned a residential property known as 100 Town Line Road in Plainville that was encumbered by a mortgage that had been assigned to BAC Home Loans Servicing, LP (BAC Home Loans), by an assignment of mortgage recorded on the Plainville land records. In July, 2009, BAC Home Loans brought an action to foreclose on the mortgage due to the defendant's failure to meet the payment obligations on the underlying note. On February 3, 2012, BAC Home Loans filed a motion for summary judgment, in which it argued that there were no genuine issues of material fact regarding the allegations of its complaint and that it was entitled to judgment as a matter of law. The court granted that motion and rendered summary judgment in favor of BAC Home Loans as to liability only on March 5, 2012. The trial court thereafter granted BAC Home Loans' motion to substitute Bank of America, N.A., as the plaintiff after a merger between BAC Home Loans and Bank of America, N.A.

On June 19, 2012, Bank of America, N.A., filed a motion for judgment of strict foreclosure, and the defendant filed an objection to said motion on September 10, 2012. The court granted the motion for a judgment of strict foreclosure on September 10, 2013, and set law days to commence on October 7, 2013. On September 16, 2013, the defendant filed his first appeal with this court, in which he challenged the summary judgment rendered as to liability and the judgment of strict foreclosure. This court ultimately affirmed the propriety of the judgment and remanded the case to the trial court for the purpose of setting new law days. See *BAC Home Loans Servicing, LP* v. *Farina*, 154 Conn. App. 265, 107 A.3d 972 (2014), cert. denied, 316 Conn. 908, 111 A.3d 884 (2015).

On May 11, 2015, the defendant filed with the trial court a motion to vacate summary judgment and strict

foreclosure on the basis of newly discovered facts. The defendant amended the motion to vacate on July 8, 2015, which the court treated as a motion to open. The court denied that motion on August 3, 2015.

On July 7, 2015, Bank of America, N.A., filed a motion to open and a motion to substitute the plaintiff as the plaintiff in the underlying foreclosure action. The court granted the motions on August 3, 2015.[2] On August 13, 2015, the defendant filed a motion to reargue his July 8, 2015 motion to open. On August 14, 2015, the court denied the defendant's motion to reargue. The defendant appealed from the court's denial of the motion to reargue and the motion to open on September 1, 2015. On October 28, 2015, this court dismissed the defendant's second appeal as frivolous. The plaintiff subsequently, on November 10, 2015, filed a motion to open the judgment to reenter judgment after appeal and to award additional attorney's fees. The court granted the motion on December 21, 2015, reentered judgment, and set new law days to commence on January 25, 2016.

On January 21, 2016, the defendant filed a motion to open, which was denied by the court on January 25, 2016. In its order, the court set new law days for February 29, 2016. The defendant also filed a motion to dismiss, pursuant to Practice Book § 10-30, on January 21, 2016, and attached to said motion was an "affidavit of truth" signed by the defendant. On February 29, 2016, the court extended the law days to March 28, 2016, and, on March 1, 2016, the court denied the defendant's motion to dismiss. On March 16, 2016, the defendant filed a motion to reargue the motion to dismiss, which the court denied on March 28, 2016, and extended the law days to April 25, 2016.

On April 15, 2016, the defendant appealed from the court's denials of the motion to dismiss and motion to reargue. On May 4, 2016, the plaintiff moved to dismiss the defendant's appeal, arguing that the defendant's appeal was "untimely, as no automatic stay was in effect pursuant to . . . Practice Book § 61-11 (g). Further, [the] defendant did not file an affidavit as required by . . . § 61-11 (g), and therefore no automatic stay was in effect. For that reason, [the] defendant's law day remained April 25, 2016, which has since passed, and title has vested absolutely in [the] plaintiff. As title vested absolutely in [the] plaintiff, [this court] is without jurisdiction to hear [the] defendant's appeal. [The] plaintiff filed this motion to dismiss within ten days of the date on which title vested absolutely in [the] plaintiff. In the absence of an actual controversy, the court should dismiss the appeal." On July 20, 2016, this court granted the plaintiff's motion to dismiss the final appeal of the foreclosure action.[3]

A certificate of foreclosure was filed on May 6, 2016, on the Plainville land records. On May 9, 2016, a notice to vacate pursuant to General Statutes § 49-31p was

sent to the defendant. On August 22, 2016, a notice to quit was served upon the defendant and the defendant's tenants to quit possession on or before August 27, 2016.

On August 31, 2016, the plaintiff commenced this summary process action. The defendant filed a motion to dismiss on October 13, 2016, and the plaintiff filed an objection to the defendant's motion on October 27, 2016. Following a hearing before the trial court on October 27, 2016, the defendant filed a supplemental memorandum, in which he claimed that the plaintiff was not the valid title holder of the property and, as a result, the plaintiff lacked standing to bring the summary process action. In support of its objection to the motion to dismiss, the plaintiff filed a supplemental brief claiming that, because this court had dismissed as moot the final appeal of the foreclosure action, the law days have long since passed and title properly vested in the plaintiff. The parties appeared before the court again on December 15, 2016, at which time the court granted the defendant's motion to dismiss the summary process action and rendered a judgment of dismissal.[4] From that judgment, the plaintiff now appeals.

The sole issue on appeal is whether the trial court properly granted the defendant's motion and dismissed this summary process action. We begin by noting that "[t]he standard of review for a court's decision on a motion to dismiss is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) *Gold* v. *Rowland*, 296 Conn. 186, 200–201, 994 A.2d 106 (2010).

The defendant argues that dismissal of this summary process action was proper because, as provided for in Practice Book § 61-11 (a),[5] an automatic stay of execution of the prior foreclosure judgment was in place and, thus, the April 25, 2016 law day passed without effect and title never vested in the plaintiff. The plaintiff argues that title properly vested after the running of the law days on April 25, 2016, as no automatic stay was created by the filing of the final appeal in the foreclosure action because of § 61-11 (g).

We begin by noting that, "[p]rior to October, 2013, a defendant in a foreclosure action could employ consec-

utive motions to open the judgment in tandem with Practice Book §§ 61-11 and 61-14 to create almost the perfect perpetual motion machine. . . . Prior to October, 2013, a court's denial of a motion to open a judgment of strict foreclosure automatically stayed the running of the law days until the twenty day period in which to file an appeal from that ruling had expired, and, if an appeal was filed, that initial appellate stay continued until there was a final determination of the appeal.

"Practice Book § 61-11 was amended effective October 1, 2013 . . . to address this problem by the addition of subsections (g) and (h)." (Citation omitted; internal quotation marks omitted.) *Citigroup Global Markets Realty Corp.* v. *Christiansen*, 163 Conn. App. 635, 639– 40, 137 A.3d 76 (2016). Practice Book § 61-11 (g) provides in relevant part: "In any action for foreclosure in which the owner of the equity has filed, and the court has denied, at least two prior motions to open or other similar motion, no automatic stay shall arise upon the court's denial of any subsequent contested motion by that party, unless the party certifies under oath, in an affidavit accompanying the motion, that the motion was filed for good cause arising after the court's ruling on the party's most recent motion. Such affidavit shall recite the specific facts relied on in support of the moving party's claim of good cause. . . ."

On appeal, the plaintiff seeks reversal of the judgment dismissing this summary process action for the very reason that it successfully moved for dismissal of the final appeal of the foreclosure action. As we noted previously, we granted the plaintiff's motion to dismiss the final appeal of the foreclosure action on July 20, 2016. By granting the plaintiff's motion to dismiss, we decided that the appeal was moot because Practice Book § 61-11 (g) prevented the automatic stay from going into effect and, therefore, the law days passed and title of the property had vested with the plaintiff. The defendant did not file a petition for certification with our Supreme Court and thus, the judgment was final as to that action. On appeal, the defendant is essentially challenging the validity of the judgment in the prior proceeding.

"[F]inal judgments are . . . presumptively valid . . . and collateral attacks on their validity are disfavored. . . . The reason for the rule against collateral attack is well stated in these words: The law aims to invest judicial transactions with the utmost permanency consistent with justice. . . . Public policy requires that a term be put to litigation and that judgments, as solemn records upon which valuable rights rest, should not lightly be disturbed or overthrown. . . . [T]he law has established appropriate proceedings to which a judgment party may always resort when he deems himself wronged by the court's decision. . . . If he omits or

neglects to test the soundness of the judgment by these or other direct methods available for that purpose, he is in no position to urge its defective or erroneous character when it is pleaded or produced in evidence against him in subsequent proceedings. Unless it is entirely invalid and that fact is disclosed by an inspection of the record itself the judgment is invulnerable to indirect assaults upon it." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Sousa* v. *Sousa*, 322 Conn. 757, 771, 143 A.3d 578 (2016).

"Unless a litigant can show an absence of subject matter jurisdiction that makes the prior judgment of a tribunal entirely invalid, he or she must resort to direct proceedings to correct perceived wrongs . . . . A collateral attack on a judgment is a procedurally impermissible substitute for an appeal." (Internal quotation marks omitted.) *In re Shamika F.*, 256 Conn. 383, 407–408, 773 A.2d 347 (2001).

We recently discussed the importance of the principle of the finality of judgments in *Ruiz* v. *Victory Properties, LLC*, 180 Conn. App. 818,     A.3d     (2018). "Generally, courts recognize a compelling interest in the finality of judgments which should not lightly be disregarded. Finality of litigation is essential so that parties may rely on judgments in ordering their private affairs and so that the moral force of court judgments will not be undermined. The law favors finality of judgments . . . . This court has emphasized that due consideration of the finality of judgments is important and that judgments should only be set aside or opened for a strong and compelling reason. . . . It is in the interest of the public as well as that of the parties [that] there must be fixed a time after the expiration of which the controversy is to be regarded as settled and the parties freed of obligation to act further in the matter by virtue of having been summoned into or having appeared in the case. . . . Without such a rule, no judgment could be relied on. . . . [T]he modern law of civil procedure suggests that even litigation about subject matter jurisdiction should take into account the importance of the principle of the finality of judgments . . . ." (Citations omitted; internal quotation marks omitted.) Id., 828.

The defendant's position regarding the plaintiff's standing is an impermissible collateral attack on the judgment in a prior proceeding, from which the defendant failed to file a petition for certification with our Supreme Court. In accordance with our decision granting the plaintiff's motion to dismiss the final appeal of the foreclosure action, the underlying foreclosure action concluded with title vesting absolutely in the plaintiff on April 25, 2016. The plaintiff was entitled to rely on the finality of the underlying foreclosure action for its standing in the present summary process action. Thus, the court improperly granted the defendant's motion to dismiss this summary process action for lack

of standing.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] Linda Farina and Richard Farina were named as defendants in the underlying foreclosure action. Linda Farina also was named as a defendant in this action, but did not file an appearance. The four tenants of the property are named as defendants in this action as Jane Doe 1, Jane Doe 2, John Doe 1 and John Doe 2 (tenants). The tenants did not participate in this appeal. We, therefore, refer to Richard Farina as the defendant in this opinion.

[2] New law days were set for September 14, 2015.

[3] The order of this court read as follows: "The motion of the [plaintiff], filed May 4, 2016, to dismiss [the] appeal, having been presented to [this] court, it is hereby ordered granted. The appeal as amended is dismissed."

[4] During the hearing on the defendant's motion to dismiss the summary process action, the following colloquy occurred:

"The Court: I think there should have been a reset for law dates—

"[The Plaintiff's Counsel]: But Your Honor, the Appellate Court certainly knows how to rescript with that instruction—

"The Court: Well, they didn't.

"[The Plaintiff's Counsel]: —and they did not do so in this case.

"The Court: They didn't.

* * *

"The Court: And all they said was case dismissed.

* * *

"The Court: I'm still not convinced that you have . . . no stay here at the time when the order was issued.

"[The Plaintiff's Counsel]: Well, Your Honor, it—

"The Court: So, I'm going to dismiss the action. That's it, I don't agree with you. I think there's too much of a loophole here that you should have come back to the foreclosure court. Tell him you want a new law day, and get the thing wiped out, and then you're all set. I just don't like it that there was a clear stay, and just because you asked, and they didn't do anything about it, I just don't know—

"[The Plaintiff's Counsel]: Your Honor, with all due respect there was no clear stay. There was no—

"The Court: There was absolutely a clear stay. Your motion said there was and then the—

"[The Plaintiff's Counsel]: Your Honor, our objection said there was none. We filed an objection yesterday which clearly [sets] everything out.

"The Court: I'm overruling your position, and I'm dismissing the case. Take an appeal."

[5] Practice Book § 61-11 (a) provides in relevant part: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ."